**ARMOUR AND COMPANY, a corporation, Plaintiff,**

v.

**John A. NARD, Defendant.**

**No. 68–C–3043–W.**

United States District Court,
N. D. Iowa, W. D.

Oct. 16, 1972.

Charles R. Wolle, Gerald M. Kraai, and D. C. Shull, Sioux City, Iowa, for plaintiff.

John W. Gleysteen and Robert R. Eidsmoe, Sioux City, Iowa, David B. Buerger and Thomas M. Thompson, Pittsburgh, Pa., for defendant.

## ORDER

McMANUS, Chief Judge.

This matter is before the court on defendant's motion for relief from judgment and amended motion for judgment notwithstanding the verdict and new trial filed June 26, 1972. Resistance was filed on July 6, 1972. The case was originally decided on February 10, 1971 and, on appeal, affirmed on June 7, 1972.[1]

A request by the defendant for similar relief was denied on May 20, 1971. As new grounds in support of this motion, the defendant alleges that the testimony of William H. Bossenberger, in light of the action taken by the Iowa State Board of Engineering Examiners on May 19, 1972,[2] was "tantamount to . . . perjury," therefore affording relief under F.R.C.P. 60(b)(6).

---

1. 463 F.2d 8 (8th Cir., 1972).

2. Upon charges filed by John A. Nard, the Iowa State Board of Engineering Examiners pursuant to Iowa Code Sec. 114.21 (1971), found William H. Bossenberger guilty of misconduct with respect to portions of his testimony in this case. The Board labeled his testimony simplistic, incomplete, misleading and a culpable overstatement. On May 19, 1972, Mr. Bossenberger was formally reprimanded.

For the reason stated herein, the court is of the view that this motion is not timely and is therefore denied.

The question of timeliness of a motion based upon third party misconduct under F.R.C.P. 60(b)(6) is one of first impression for this court.

F.R.C.P. 60(b)(3) clearly sets a time limit of one year for motions based on "fraud . . ., misrepresentation or other misconduct of an adverse party." The alleged misconduct in this case, however, being attributable to a third party, is properly assailed under F.R.C.P. 60(b)(6),[3] which has a time limitation of "within a reasonable time."

 In interpreting the clause "within a reasonable time" as applied to third party misconduct, it is the view of this court that, absent other considerations,[4] it would be unreasonable to permit reopening of a judgment on the grounds of third party fraud after a

motion based on party fraud would be banned.[5]

Although academic at this point, the court will comment briefly on the merits of the defendant's motion.

 The burden is on the moving party to support the allegation of perjury by "clear and convincing" evidence.[6] In light of the timing of this motion and briefs of counsel, it is clear that the defendant relies on the action of the Iowa State Board of Engineering Examiners to carry this burden.[7] Having examined the entire record, the court does not view the Board of Engineering Examiners' action as "clear and convincing" evidence of perjury, fraud or misconduct. The labeling of a portion[8] of Mr. Bossenberger's testimony "simplistic and incomplete,"[9] while reflecting adversely on his professional competence, does not raise such statements to the level of perjury.[10] It is noted that the testimony

---

3. Moore's Federal Practice ¶ 60.24[5] and ¶ 60.27[2] (1972).

4. The fraud alleged in this case cannot be classified as either "fraud on the court" or as "extrinsic or collateral fraud," either of which could be basis for relief independent of the time limitation of F.R.C.P. 60(b)(3).

 Fraud on the court is best described as "fraud which . . . defile[s] the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." 7 Moore's Federal Practice ¶ 60.33 at 515 (1972). Perjury is not traditionally considered "fraud on the court."
 Fraud is extrinsic "where a party is prevented by trick, artifice or other fraudulent conduct from fairly presenting his claim or defenses or introducing relevant evidence." 7 Moore's Federal Practice ¶ 60.37[1] at 613 [1972] and perjury is not traditionally considered extrinsic. United States v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93 (1878). In Chicago, R. I. and P. Ry. Co. v. Callicotte, 267 F. 799 (8th Cir. 1920) the court held that ex-

trinsic fraud was involved and that an independent action was therefore permitted. See discussion, Lockwood v. Bowles, 46 F.R.D. 625 (D.C.1969) and 7 Moore's Federal Practice ¶ 60.24[5], 60.28[2], 60.33 and 60.36 [1972].

5. 7 Moore's Federal Practice ¶ 60.24[5] at 291 [1972].

6. Brown v. Pennsylvania R. Co., 282 F.2d 522, 527 (3rd Cir. 1960); cert. denied 365 U.S. 818, 81 S.Ct. 690, 5 L.Ed.2d 696 (1960); Atchison, Topeka and Santa Fe R. Co. v. Barrett, 246 F.2d 846 (9th Cir. 1957); Assman v. Fleming, 159 F.2d 332, 336 (8th Cir. 1947); Kender v. General Expressways, 34 F.R.D. 237, 240 (D.C.1963); 7 Moore's Federal Practice ¶ 60.24[5] at 293 [1972].

7. See note 2 supra.

8. See transcript of testimony pages 1087 to 1128. Pages 1121 to 1128 contain the testimony which is the basis for this motion.

9. Letter of reprimand, dated May 19, 1972.

10. See generally, Prickett v. Duke Power Company, 49 F.R.D. 116, 119 (D.C.1970).

was subject to thorough cross examination[11] and directly contradicted by a rebuttal witness.[12]

It is therefore

Ordered

Denied.

---

11. *See* transcript 1129 to 1146.

