C. H. Parsons, Jr., Parsons & Mitchell, Dexter, Mo., for plaintiffs.

Byron D. Luber, Ward & Reeves, Caruthersville, Mo., for defendant.

---

**U. V. LESTER and Dorey Lester, his wife, d/b/a Union 76 Truck Stop, Plaintiffs,**

v.

**EMPIRE FIRE AND MARINE INSURANCE COMPANY, Defendant.**

**No. S78–0004C.**

United States District Court,
E. D. Missouri,
Southeastern Division.

Aug. 1, 1980.

MEMORANDUM

NANGLE, District Judge.

This case is now before the Court on plaintiffs' motion to set aside the judgment entered in this case on January 2, 1979. That judgment found against plaintiffs on the ground that they had been involved in the deliberate burning of the property for which they sought insurance reimbursement. That conclusion was based, in part, on the expert testimony of Dennis Michaelson to the effect that the fire was of an incendiary origin. Plaintiffs now move to set aside that judgment on the ground that the testimony of this witness, at least that concerning his qualifications, was perjured.

Rule 60(b)(3), Federal Rules of Civil Procedure, allows this Court to set aside a judgment for reasons of "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party. . . ." Such a motion must be made within one year of the judgment, however. The instant motion is untimely, therefore, if premised on Rule 60(b)(3).

Rule 60(b)(6) allows relief "for any other reason justifying relief from the operation of the judgment." Such a motion must be made within a "reasonable time." This subsection is exclusive of subsection (b)(3), however, and may not be used to avoid the one year time limitation of (b)(3). *William Skillings & Associates v. Cunard Transp., Ltd.*, 594 F.2d 1078 (5th Cir. 1979); *DeFilippis v. United States*, 567 F.2d 341 (7th Cir. 1977).

It is unclear whether perjury committed by a nonparty witness, unknown to the party for whom he testifies,[1] would fall under subsection (b)(3) or (b)(6). Wright & Miller, Federal Practice and Procedure, Civil § 2681 states broadly that subsection (b)(3) will justify relief from a judgment based on perjury. Subsection (b)(3) by its terms, however, seems limited to fraud committed by an adverse party. This Court therefore believes that perjury by a nonparty witness should be dealt with pursuant to subsection (b)(6). *Armour and Company v. Nard*, 56 F.R.D. 610 (N.D.Iowa 1972).

A motion under subsection (b)(6) must be made "within a reasonable time." This Court must agree with *Nard*, id. at 612, that:

> In interpreting the clause "within a reasonable time" as applied to third party misconduct, it is the view of this court that, absent other considerations, it would be unreasonable to permit reopening of a judgment on the grounds of third party fraud after a motion based on party fraud would be banned. (footnotes omitted).

The instant motion was made more than seven months after a similar motion based on party fraud would be banned. Plaintiffs' motion will therefore be denied.

---

1. Plaintiffs make no claim that defendant either knew of or participated in the perjury.