**Dorey LESTER, d/b/a Union 76 Truck Stop, Appellant,**

v.

**EMPIRE FIRE AND MARINE INSURANCE COMPANY, Appellee.**

No. 80–1789.

United States Court of Appeals,
Eighth Circuit.

Submitted June 18, 1981.

Decided July 10, 1981.

**354**

C. H. Parsons, Jr., Parsons & Mitchell, P. C., Dexter, Mo., for appellant Dorey Lester.

Byron D. Luber, Ward & Reeves, Caruthersville, Mo., for appellee, Empire Fire and Marine Ins. Co.

Before LAY, Chief Judge, and BRIGHT and STEPHENSON, Circuit Judges.

### ORDER OF AFFIRMANCE

Seventeen months after the district court entered final judgment dismissing his claim for fire damage to property insured by de-

fendant-appellee Empire Fire and Marine Insurance Co., plaintiff-appellant Dorey Lester brought this motion to set aside the judgment for fraud under Fed.R.Civ.P. 60(b). As grounds for relief, Lester alleged that a material witness, who testified on behalf of defendant-appellee that the fire had been deliberately set, falsely and fraudulently stated his qualifications as an expert on arson.

The district court[1] denied the motion as untimely, ruling that Rule 60(b)(6) governs a motion to set aside a judgment for fraud by a nonparty and that such a motion must be filed within one year after the judgment, consistent with the time limitation of Rule 60(b)(3) governing fraud by a party.[2] In essence, the court concluded that although Rule 60(b)(6) states only that the motion be filed within "a reasonable time," it would be unreasonable, absent special circumstances, to permit reopening of a judgment on grounds of third-party fraud when a similar motion based on fraud by a party would be barred by Rule 60(b)(3).

Under the particular facts and circumstances of this case, we agree with the district court's conclusion. Accordingly, we affirm the judgment on the basis of the district court's well-reasoned opinion, as published in 87 F.R.D. 466 (E.D.Mo.1980).

1. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.

2. Rule 60(b) provides in pertinent part:
   On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; * * * or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.