UNITED STATES of America, Appellee,

v.

**CITY OF FORT SMITH, Appellant.**

**and**

**The State of Arkansas.**

**No. 84–1657.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 16, 1985.

Decided April 26, 1985.

Jerry Canfield, Fort Smith, Ark., for appellant.

Jacques B. Gelin, Washington, D.C., for appellee.

Before BRIGHT, ARNOLD and BOW-MAN, Circuit Judges.

BRIGHT, Circuit Judge.

The City of Fort Smith, Arkansas, appeals from the district court's order denying the City's motion for modification of a consent decree. The City contends that the district court erred in refusing to hear evidence in support of the motion. We vacate the district court's order denying the motion to modify, and remand this case to the district court for further proceedings.

## I. BACKGROUND.

The City of Fort Smith owns and operates two sewage treatment plants. In April 1983, the United States filed suit charging the City with discharging polluted water in violation of effluent limitations set in Environmental Protection Agency (EPA) permits covering the two plants. After extended negotiations, the City, the State of Arkansas, and the federal government entered into a consent decree. The decree required the City, among other things, to achieve specified effluent limits with respect to the secondary treatment operation of one of the plants by April 1, 1984.

In March 1984, invoking a dispute resolution clause in the consent decree,[1] the City filed a motion in district court seeking an extension of the April 1, 1984, compliance deadline. The City claimed that it had agreed to that deadline based on the mistaken assumption of all parties that existing secondary treatment facilities were adequate, and compliance with the specified effluent limits would not require substantial construction. According to the City, an engineering analysis performed after entry of the consent decree revealed that substantial construction would, in fact, be necessary in order to achieve the specified effluent limits. When the Government would not approve an extension, the City asked the court to modify the decree by extending the compliance deadline to January 15, 1987.

---

**1.** The dispute resolution clause provides, in pertinent part, that "in the event a dispute should arise among the parties regarding the implementation of the Plan or in the event of any other dispute regarding this decree, any party may file a petition with the Court for resolution of the dispute."

The district court set the matter for a hearing, reviewed the pleadings, and heard the arguments of counsel, but refused to receive evidence regarding the City's request for relief. Emphasizing the contractual nature of the consent decree, the court noted its reluctance to change or interfere with an agreement freely and willingly entered into by the parties. The court further noted that the issue raised by the City was governed not by the decree's dispute resolution provisions, but by the "force majeure" clause. That clause provides, in pertinent part, that "problems relating to technological infeasibility associated with the implementation of actions called for by this decree shall not in any event be a basis for changes in this decree or extensions of time." Thus, the court concluded, the parties had agreed that problems of the kind described by the City would not be cause for extensions. The court ruled that the City had offered no adequate reason why it should not be bound by the terms of the agreement, and entered an order denying the motion to modify. This appeal followed.

## II. DISCUSSION.

■ A court may modify the parties' rights and obligations under a consent decree if it finds, *inter alia*, that the judgment is based on "mistake," that it is "no longer equitable," or for "any other reason justifying relief." Fed.R.Civ.P. 60(b)(1), (5), (6). *See also Monsanto v. Ruckelshaus*, 753 F.2d 649, 653 (8th Cir.1985); *EEOC v. Safeway Stores, Inc.*, 611 F.2d 795, 798–99 (10th Cir.1979), *cert. denied*, 446 U.S. 952, 100 S.Ct. 2918, 64 L.Ed.2d 809 (1980). In addition, a court has inherent equitable power to modify a consent decree if satisfied that the decree "has been turned through changing circumstances into an instrument of wrong." *United States v. Swift & Co.*, 286 U.S. 106, 114, 52 S.Ct. 460, 462, 76 L.Ed. 999 (1932). Modification of a consent decree should, however, only rarely be granted, and the party seeking modification bears the heavy burden of demonstrating that new and unforeseen conditions have produced such extreme and

unexpected hardship that the decree is oppressive. *Monsanto v. Ruckelshaus*, 753 F.2d at 653; *Rajender v. University of Minnesota*, 730 F.2d 1110, 1114–16 (8th Cir.1984); *Humble Oil & Refining Co. v. American Oil Co.*, 405 F.2d 803, 813 (8th Cir.), *cert. denied*, 395 U.S. 905, 89 S.Ct. 1745, 23 L.Ed.2d 218 (1969).

In the present case, the City has relied primarily on the decree's dispute resolution clause in seeking modification of the April 1, 1984, compliance deadline. Yet, as the district court noted, the City's request seems to fall within the purview of the decree's force majeure clause, which expressly rules out as a basis for change the kind of technical or engineering problems the City now alleges in support of its motion for modification. Therefore, on the basis of the terms of the decree itself, we find no error in the district court's denial of relief or in its refusal to hold an evidentiary hearing.

■ However, the City has also alleged mutual mistake as a ground for modification, and that allegation cuts across the provisions of the decree. According to the City, when the parties established the April 1, 1984, deadline for compliance, they shared the mistaken assumption that existing secondary treatment facilities were adequate to achieve the specified effluent limits. A later study showed that assumption to be incorrect, the City alleges, and substantial construction is in fact necessary. The City contends that the district court erred in refusing to allow it to prove the factual accuracy of these allegations in support of its claim for relief.

We agree. Although we intimate no view as to the merit of the City's claims, we believe the City, having adequately asserted a claim under Rule 60(b), is entitled to an opportunity to establish the factual basis for its allegation of mutual mistake. Accordingly, we vacate the district court's order denying the motion to modify, and remand this case for an evidentiary hearing on the issue of mutual mistake. We note that, for purposes of enforcement, consent

decrees are to be construed as contracts. *United States v. ITT Continental Baking Co.,* 420 U.S. 223, 238, 95 S.Ct. 926, 935, 43 L.Ed.2d 148 (1975). Thus, to prevail on its motion to modify the decree, the City must, under Arkansas law, establish the existence of mutual mistake by clear and convincing evidence. *See, e.g., United States v. Arkansas Power & Light Co.,* 207 F.2d 943 (8th Cir.1953); *Weiss v. Turney,* 173 F.2d 617, 619 (8th Cir.1949). Additionally, we note that "Rule 60(b) provides for extraordinary relief which may be granted only on an adequate showing of exceptional circumstances." *Hoffman v. Celebrezze,* 405 F.2d 833, 835 (8th Cir.1969). And where, as here, the City freely chose to submit to a consent decree rather than seek a litigated judgment, its burden of showing that modification is warranted is perhaps even more formidable than if it had litigated the claim and lost. *See Philadelphia Welfare Rights Organization v. Shapp,* 602 F.2d 1114, 1120 (3d Cir.1979), *cert. denied,* 444 U.S. 1026, 100 S.Ct. 689, 62 L.Ed.2d 660 (1980).

We remand this case for further proceedings consistent with this opinion. Because fines for noncompliance may be running against the City, we urge the district court to expedite the hearing on this matter.