In the Matter of a **GRAND JURY SUBPOENA DIRECTED TO DAKOTA CHEESE, INC.**

**UNITED STATES** of America, Appellee,

v.

**DAKOTA CHEESE, INC.,** Appellant.

**No. 89–5371.**

United States Court of Appeals, Eighth Circuit.

Submitted May 15, 1990.

Decided Jan. 9, 1991.

William B. Dawson, Minneapolis, Minn., for appellant.

Bonnie P. Ulrich, Sioux Falls, S.D., for appellee.

Before LAY, Chief Judge, and WOLLMAN, Circuit Judge, and STUART,* Senior District Judge.

WOLLMAN, Circuit Judge.

Dakota Cheese, Inc., appeals from the district court's[1] order of June 15, 1989, denying its Rule 60(b) motion for relief from the district court's December 2, 1987, judgment adjudging Dakota Cheese to be in contempt for failing to produce certain invoices as required by the district court's earlier order. We affirm.

On March 3, 1989, we affirmed the district court's contempt order. *See Grand Jury Subpoena Duces Tecum v. United States*, 868 F.2d 1014 (8th Cir.1989). On November 29, 1988, a jury found Dakota Cheese and its president, James Dee, guilty of certain criminal charges arising from the sale of cheese products to the United States Department of Agriculture. We affirmed those convictions on June 13, 1990. *See United States v. Dakota Cheese, Inc.*, 906 F.2d 335 (8th Cir.1990).

On May 11, 1989, Dakota Cheese filed a motion pursuant to Fed.R.Civ.P. 60(b) for relief from the judgment of contempt. In its offer of proof in support of the motion, Dakota Cheese represented that on November 10, 1988, shortly before the commencement of the trial on the criminal charges, its trial counsel discovered in the office of one of Dakota Cheese's former attorneys the invoices that Dakota Cheese had failed to produce in response to the district court's order of production and which formed the basis of the judgment of contempt. The offer of proof represented that the discovery of these documents came as a complete surprise to James Dee and to trial counsel.

After considering the offer of proof and after observing that the evidence at the criminal trial indicated that Dee had given the invoices to his former counsel with some suggestion that they be destroyed, the district court concluded that the interests of justice did not require that the $115,000 fine imposed pursuant to the judgment of contempt be set aside in whole or in part.

Although Dakota Cheese characterizes its motion as one brought pursuant to Rule 60(b)(6)—the catchall provision authorizing the granting of relief for "any other reason justifying relief" from a judgment—we agree with the government that the motion was in effect one based upon newly discovered evidence—Rule 60(b)(2)—and, as such, was untimely because not made within the one-year time limit fixed for the making of such motions. *See* 11 Wright & Miller, *Federal Practice and Procedure* § 2866, pp. 232–34 (1973).

We recognize that our affirmance is based upon a ground other than that relied upon by the district court. It is a ground that finds support in the record, however, and was urged by the government before the district court and again on appeal. Accordingly, we perceive no special circumstances that would militate against our relying on it as the basis of affirmance on appeal. *Brown v. St. Louis Police Dep't*, 691 F.2d 393, 396–97 (8th Cir.1982), *cert. denied*, 461 U.S. 908, 103 S.Ct. 1882, 76 L.Ed.2d 812 (1983).

The district court's order is affirmed.

---

* The HONORABLE WILLIAM C. STUART, United States Senior District Judge for the Southern District of Iowa, sitting by designation.

1. The Honorable John B. Jones, United States District Judge for the District of South Dakota.