**BAXTER INTERNATIONAL, INC.; Baxter Healthcare Corp.; Baxter Diagnostics, Inc., Appellants,**

v.

**Roger J. MORRIS, Dr., Appellee.**

No. 92–3542.

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1993.

Decided Nov. 29, 1993.

———————

David J. Parsons, Chicago, IL, argued for appellants.

Curtis C. Calloway, St. Louis, MO, argued, for appellee.

Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.

BEAM, Circuit Judge.

Baxter International, Inc., Baxter Healthcare Corp., and Baxter Diagnostics, Inc. (collectively "Baxter") appeal from the district court's denial of a Federal Rule of Civil Procedure 60(b) motion for relief from judgment based on newly discovered evidence. The district court[1] held that Baxter did not exercise sufficient diligence in discovery before trial to warrant relief from the judgment and that Baxter failed to demonstrate that the evidence would probably result in a different verdict if it were presented at a new trial. We affirm.

## I. BACKGROUND

The facts of the underlying action are thoroughly discussed in our previous opinion. *Baxter Int'l, Inc. v. Morris,* 976 F.2d 1189 (8th Cir.1992). We therefore only summarize the relevant background. Baxter brought suit against Dr. Roger J. Morris, a research scientist and former Baxter employee, to enforce the terms of a noncompetition agreement and to enjoin him from disclosing its proprietary information to Baxter's main competitor and Morris' new employer, bioMerieux Vitek, Inc. ("Vitek"). Baxter claimed that Morris would inevitably disclose its trade secrets to Vitek through his work. The district court enjoined Morris from disclosing certain items of confidential information to Vitek for one year, but refused to enjoin Morris from beginning employment with Vitek. Baxter appealed and we affirmed.

While Baxter's previous appeal was pending, Baxter filed a motion for relief from judgment under Rule 60(b)(2). Baxter claimed to have discovered after trial that Morris—in conjunction with Frank J. Swenson, another former Baxter employee—had used Baxter's proprietary information to prepare a "Confidential Business Plan" in 1988 for a start-up company named Microphotonics Corp. ("MPX"). The MPX Plan was allegedly discovered during Baxter's deposition of Swenson in a pending California action. *Baxter Diagnostics, Inc. v. AVL Scientific Corp.,* 798 F.Supp. 612 (C.D.Cal.1992). Baxter attached a copy of the MPX Plan to the

1. The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

Rule 60(b) motion.[2]  Baxter contends that this new information casts doubt on Morris' veracity at his deposition and at trial.  According to Baxter, this evidence—which Baxter could not find through diligent discovery before trial—probably would have changed the outcome at trial because it demonstrates that Morris could not be trusted to keep Baxter's proprietary information secret.  The district court disagreed and denied Baxter's Rule 60(b) motion without an evidentiary hearing.

## II.  DISCUSSION

■ Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances."  *United States v. Young*, 806 F.2d 805, 806 (8th Cir.1986) (per curiam), *cert. denied*, 484 U.S. 836, 108 S.Ct. 117, 98 L.Ed.2d 76 (1987).  To prevail on its Rule 60(b)(2) motion, Baxter needed to establish: "(1) the evidence was discovered after trial; (2) [Baxter] exercised due diligence to discover the evidence before the end of the trial; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new trial at which the evidence was introduced would probably produce a different result."  *Peterson v. General Motors Corp.*, 904 F.2d 436, 440 (8th Cir.1990).  Motions under Rule 60(b) are within the discretion of the district court and we reverse the district court's denial of a Rule 60(b) motion only when the court clearly abused its discretion.  *Id.; Rosebud Sioux Tribe v. A & P Steel, Inc.*, 733 F.2d 509, 515 (8th Cir.) (motions under Rule 60(b) are viewed with disfavor), *cert. denied*, 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984).

■ Baxter asserts that Morris gave misleading testimony at his deposition to keep Baxter from discovering the MPX Plan and that "[f]or the District Court now to suggest that Baxter erred in accepting the testimony of a sworn witness and for failing to assume guile and intrigue on behalf of Dr. Morris is preposterous."  Appellants' Brief at 11.  The only portion of Morris' deposition that Baxter cites to support its contention is an exchange regarding Morris' possible employment opportunities at AVL Scientific Corp. ("AVL").[3]  Baxter alleges that this exchange is a veiled reference to MPX.  Morris explained by affidavit in response to Baxter's allegations that MPX was to be an independent company

---

2.  Baxter also asks us to consider the affidavit of David J. Parsons, one of its attorneys.  Baxter attached Parsons' affidavit, among others, to a "Motion to Reconsider and/or Offer of Proof," Joint App. at 102–105, which Baxter filed in the district court contemporaneously with its notice of appeal.  Parsons' affidavit paraphrases Swenson's deposition testimony in the California case alleging that Morris assisted AVL Scientific Corp. with certain research while he was employed by Baxter and that Morris visited AVL to discuss MPX.

Since the affidavits accompanying Baxter's "Motion to Reconsider" were filed after the final order that is the subject of this appeal, they are not part of the record on appeal and we will not consider them.  We construe Baxter's "Motion to Reconsider" as a second motion for relief from judgment under Rule 60(b) since it was filed more than ten days after entry of judgment on the first Rule 60(b) motion.  *See Sanders v. Clemco Indus.*, 862 F.2d 161, 168–69 (8th Cir.1988) (self-styled "motion for reconsideration" that does not state a rule of civil procedure is subject to court's "somewhat unenlightened guess" whether the motion is under Rule 59(e) or Rule 60(b)); *Spinar v. South Dakota Bd. of Regents*, 796 F.2d 1060, 1062 (8th Cir.1986) (district court has no jurisdiction over Rule 59(e) motion made more than ten days after entry of judgment).

The district court denied Baxter's "Motion to Reconsider" on July 1, 1993.  An appeal from that judgment would be subject to the same standard of review we apply today.  We note that the conclusory allegations in Parsons' affidavit would not have affected our opinion on the merits in the present appeal.

3.  Q: When was the first contact between AVL and yourself about possible employment at AVL?
. . . .
Q: All right.  And when was that contact?  The interview you fixed at September or early October of '89.  When was the first contact by Swenson about an employment opportunity at AVL?
A: He talked to me about it while he was at MicroScan.
Q: Okay.  As a matter of fact, there—
A: But he didn't say where it was.  He just said "I have a potential opportunity for you down the road.  Are you interested?"
Q: And did you say you were?
A: No, I didn't.  I wasn't interested.
Q: Did he identify at that time that it was AVL?
A: No, he said it was a company on the East Coast, north East Coast.
Joint App. at 90–91.

which would license patent technology from AVL and that he did not consider starting an independent company to be an employment opportunity with AVL. Affidavit of Dr. Roger Morris, Joint App. at 49. Accordingly, he did not offer information about MPX in response to Baxter's questions.

The district court rejected Baxter's argument in favor of Morris' explanation. The court also pointed out that Baxter had other avenues to discover the MPX Plan. We agree. Baxter's subsequent discovery of the MPX Plan without Morris' aid demonstrates that other avenues were available. The MPX Plan does not prove that any of Morris' deposition responses were untruthful, though they may have been somewhat evasive. Our review of the deposition transcript suggests that Baxter did not ask the right questions to elicit answers regarding MPX from Morris. Baxter's assertion that Morris' silence was misleading or that Morris should have volunteered possibly damaging information is unavailing. Moreover, there is no indication from Baxter's questions at the deposition, or at trial, that Baxter accorded Morris a presumption of credibility because he was under oath. We find no error in the district court's conclusion that Baxter's discovery lacked the due diligence required for a successful Rule 60(b) motion.

Baxter has also failed to demonstrate that the MPX Plan would likely have produced a different result if presented at trial. Baxter's citation to *Rosebud Sioux Tribe* is inapposite. In that case, a principal witness for the prevailing party directly contradicted his deposition testimony—which was read into the record at trial—at a subsequent grand jury hearing and testified that he had given false testimony during the deposition. *Rosebud Sioux Tribe*, 733 F.2d at 514–15. The court found that "[a]t the very least, his inconsistent stories demonstrate that he is a liar" and that the questionable deposition testimony was significant enough to have affected the jury's verdict. *Id.* at 517.

The MPX Plan, however, does not directly contradict any testimony at trial. It is offered only to impeach Morris' character and to suggest that Morris was undeserving of the district court's trust that he could follow the court's order. The district court found that the MPX Plan, if presented at trial, would not have changed the court's decision. At this late date it is even more unlikely that the court would be influenced by the MPX Plan at a new trial. Morris has now worked for Vitek for more than one year and Baxter proffers no evidence that Morris has violated the provisions of the court's order.[4] Accordingly, the district court acted well within its discretion in denying Baxter's Rule 60(b) motion.

### III.  CONCLUSION

For the reasons discussed above, we affirm the decision of the district court.

---

4. Baxter's theory at trial was that Morris would *inevitably* disclose trade secrets through his work with Vitek. This theory is now moot, however, because Morris has already had the opportunity to demonstrate whether he can work within the confines of the court's order. Baxter complains that it cannot produce evidence of *actual* misappropriation of its trade secrets without an evidentiary hearing and full discovery on its Rule 60(b) motion. Assuming—against our better judgment—that a Rule 60(b) proceeding is an appropriate forum for such a fishing expedition, we hold that Baxter has not demonstrated the exceptional circumstances necessary for such relief. *See Clarke v. Burkle*, 570 F.2d 824, 832 (8th Cir.1978).