Jeffrey P. SCHULTZ, Appellant,

v.

COMMERCE FIRST FINANCIAL, as the successor-in-interest to and for Federal Deposit Insurance Corporation, Appellee.

No. 93–1823.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 16, 1993.

Decided May 6, 1994.

James P. Hurley, Rapid City, SD, argued, for appellant.

Robert M. Nash, Rapid City, SD, for appellee.

Before MORRIS SHEPPARD ARNOLD, Circuit Judge, JOHN R. GIBSON *, Senior Circuit Judge, and BARTLETT **, District Judge.

JOHN R. GIBSON, Senior Circuit Judge.

Jeffrey P. Schultz appeals from the district court's [1] denial of his Federal Rule of Civil Procedure 60(b) motion to set aside a stipulation and order approving a settlement entered in 1986. Schultz contends that the 1986 stipulation erroneously lists the amount owed under a certain promissory note. He argues he has paid the full obligation covered by the stipulation. We affirm the judgment of the district court.

The factual record underlying this dispute is long, complex and largely irrelevant to this

---

* The HONORABLE JOHN R. GIBSON, was Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit at the time this case was submitted, and took senior status on January 1, 1994, before the opinion was filed.

** The HONORABLE D. BROOK BARTLETT, United States District Judge for the Western District of Missouri, sitting by designation.

1. The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

appeal. We recount only the history that bears upon the issue we must decide. In 1982 Schultz entered into a settlement agreement with First National Bank of Darrouzett and its wholly-owned subsidiary Golden Valley Ag–Credit Corporation, the holders of certain promissory notes executed by Schultz. The agreement required Schultz to sign two new promissory notes for $111,-198.76, one each in favor of First National and Golden Valley. The First National note was guaranteed by Eddie Wiley, who was Schultz's uncle, former partner, and a majority shareholder in First National.

On May 21, 1985, Schultz brought an action against First National, Golden Valley and Eddie Wiley, requesting an accounting as to payments received and applied to Schultz's notes with the bank. Schultz also requested damages based on a claim of conversion. By stipulation, the FDIC was substituted as party defendant for Golden Valley and First National, and Schultz's claims against Golden Valley and First National were dismissed. Eddie Wiley was never dismissed from the lawsuit.

The parties' settlement negotiations resulted in a June 1986 stipulation, approved by order of the court,[2] stating that Schultz owed the FDIC $63,911.97 on the First National note. The court subsequently entered judgment for this amount plus interest. The FDIC sold its interest in the note and judgment to Commerce First Financial in May 1991 as part of a larger note package.

In July 1992 Schultz filed a motion to set aside the 1986 stipulation and resulting judgment. See Fed.R.Civ.P. 60(b). Schultz's motion under Rule 60(b)(5) and (6) makes no claim with respect to Eddie Wiley, but seeks to have the stipulation set aside only as to himself and the banks' successors. Schultz contends he has now gathered sufficient evidence to prove that the 1986 stipulation erroneously showed his principal indebtedness as $63,911.97 when, in fact, he had paid the full amount owed. Commerce opposed the motion, and also filed a motion for summary judgment. The district court determined

that the factual basis for Schultz's claim was "adequately developed" by the documents before it, and denied Schultz's motion without conducting an evidentiary hearing.

On appeal, Schultz contends the district court committed reversible error by denying his motion without first conducting an evidentiary hearing.

Schultz argues that under Rule 60(b) the court should relieve him "from a final judgment" because either "it is no longer equitable that the judgment should have prospective application" or there exists "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(5) & (6). These provisions do "not give courts unlimited authority to fashion relief as they deem appropriate." *Doe v. Zimmerman,* 869 F.2d 1126, 1128 (8th Cir.1989). Rather, Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *United States v. Young,* 806 F.2d 805, 806 (8th Cir. 1986) (per curiam), *cert. denied,* 484 U.S. 836, 108 S.Ct. 117, 98 L.Ed.2d 76 (1987). When a party voluntarily accepted the earlier decision, its burden "is perhaps even more formidable than if it had litigated the claim and lost." *United States v. Fort Smith,* 760 F.2d 231, 234 (8th Cir.1985). Moreover, the propriety of Rule 60(b) relief is committed to the trial court's discretion, and we will reverse only if the court abuses its broad discretion. *See Design Classics, Inc. v. Westphal (In re Design Classics, Inc.),* 788 F.2d 1384, 1386 (8th Cir.1986).

The district court offered several reasons for dismissing Schultz's claim, including the insufficient factual basis for his payment claim, the availability of the relevant documentation at the time he entered the stipulation, and the untimeliness of his Rule 60(b) motion. We do not need to examine each of the district court's rationales in detail, because we are convinced that the district court did not abuse its discretion in determining that Schultz's motion was untimely.

---

**2.** The Honorable Andrew W. Bogue, Senior Judge, United States District Court for the District of South Dakota.

■ In essence, Schultz's claims center upon allegations of mutual mistake, newly discovered evidence and fraud—each a specifically-enumerated ground for relief. *See* Fed.R.Civ.P. 60(b)(1), (2) & (3). Schultz elected not to rely on these provisions, presumably because each contains a one-year limitations period. *Id.* To the extent that Schultz's claims rest solely on these grounds, they are, of course, subject to the one-year limitations period. The district court expressed concern that Schultz might be using subsections (b)(5) and (6) to complete an end run around the one-year limitations period, but did not specifically reject his claims for this reason. Moreover, Commerce does not argue that the district court should have applied the one-year limit of Rule 60(b)(1), (2), or (3). Thus, the issue of whether the court should have denied Schultz's motion on this ground is not before us. Subsections 60(b)(5) and 60(b)(6) contain no limitations period, but still require claims to be filed "within a reasonable time." *See* Fed. R.Civ.P. 60(b). We begin with the fact that Schultz entered into the stipulation over six years before filing his Rule 60(b) motion.

We consider the movant's reason for delay and the existence of any prejudice to the opposing party when determining a "reasonable time." *See* 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2866 (1973). Schultz contends that he did not learn of certain payments until 1992, in part because his uncle intentionally concealed some of them. We assume this is true, but question whether Schultz could have located the payments through diligent discovery in 1986. Schultz also argues that no adverse reliance exists in this case because Commerce has already received an acceptable return on its loan package purchase. We reject this argument. The recovery by Commerce, or lack thereof, on the other loans purchased in the loan package is irrelevant to a determination of whether Commerce relied on the First Financial note's stipulated amount. In other words,

some portion of the amount Commerce paid the FDIC for the package was presumably for the note. To now declare that the note has been fully satisfied would deny Commerce the benefit of its bargain.[3] In fact, Commerce's president testified that Schultz's loan was a particularly valuable element of the overall loan package (i.e., a "cherry"). We are convinced that the district court did not abuse its discretion in denying Schultz's motion for untimeliness. *See United States v. Dakota Cheese, Inc.*, 923 F.2d 576, 577 (8th Cir.1991) (affirming denial of Rule 60(b)(6) motion where motion was in effect a Rule 60(b)(2) motion and outside the one-year limitations period); *Lester v. Empire Fire & Marine Ins. Co.*, 87 F.R.D. 466, 467 (E.D.Mo. 1980) (refusing to permit motion alleging third-party fraud to be brought under Rule 60(b)(6) after a motion for party fraud under Rule 60(b)(3) would be time-barred), *aff'd*, 653 F.2d 353, 354 (8th Cir.1981).

■ We also reject Schultz's argument that the district court erred in denying his motion without first conducting an evidentiary hearing. Although this court may remand for an evidentiary hearing in appropriate circumstances, *see Fort Smith*, 760 F.2d at 232–33; *Clarke v. Burkle*, 570 F.2d 824, 832 (8th Cir.1978), an evidentiary hearing is not required in all instances. *See Baxter Int'l, Inc. v. Morris*, 11 F.3d 90, 93 n. 4 (8th Cir.1993) (affirming denial of Rule 60(b) motion without evidentiary hearing). Schultz conceded at oral argument that the district court possessed all facts relevant to the timeliness issue. Therefore, an evidentiary hearing would have been of little, if any, benefit. The district court did not err by denying the motion without oral argument.

BARTLETT, District Judge, concurring.

The majority states that "[t]he district court expressed concern that Schultz might be using subsections (b)(5) and (6) to complete an end run around the one-year limitations period, but did not specifically reject his claims for this reason." I disagree with the

---

**3.** An independent basis for affirmance is Commerce's argument that it is absolutely protected by its holder-in-due-course status. *See Campbell Leasing, Inc. v. FDIC*, 901 F.2d 1244, 1249 (5th Cir.1990) (FDIC and its transferees have holder-

in-due-course status regardless of state law); *Federal Deposit Ins. Corp. v. Newhart*, 892 F.2d 47, 50–51 (8th Cir.1989). We need not develop this analysis in detail, however, in view of our conclusion that Schultz's claims are untimely.

last clause of this sentence. The district court specifically and correctly rejected Schultz's motion for relief under Rule 60(b)(5 and (6) because it was not timely:

> Finally, Schultz's motion for relief under Rule 60(b)(5) and (6) is denied because it is not timely. Schultz's allegations basically come down to an allegation of mutual mistake, newly discovered evidence, or fraud, which are separate grounds for relief under Rule 60(b)(1), (2), and (3). However, motions pursuant to Rule 60(b)(1), (2), and (3) are subject to the one-year limitations period, while motions pursuant to Rule 60(b)(5) and (6) have no specific limitations period, but must be filed 'within a reasonable time.' Schultz should not be allowed to complete an 'end run' around the limitations period of subsections (1), (2), and (3) merely by denominating his motion as one falling under subsections (5) and (6). *See Lester v. Empire Fire & Marine Ins. Co.,* 87 F.R.D. 466, 466–67 (E.D.Mo.1980), *aff'd,* 653 F.2d 353, 354 (8th Cir.1981) (holding that it would be unreasonable, absent special circumstances, to allow a motion for third-party fraud to be brought under Rule 60(b)(6) after a motion for party fraud under Rule 60(b)(3) was time-barred).

*Schultz v. FDIC,* No. 85–5085, slip op. at 19, 1993 WL 661751 (D.S.D. Jan. 28, 1993) (footnote omitted).

Because the district court specifically and correctly rejected Schultz's claims on the ground that they fell outside the one-year limitations period, I would affirm on that ground.