**MIDWEST FRANCHISE CORPORATION,**
Plaintiff,

v.

**METROMEDIA RESTAURANT GROUP, INC., et al., Defendants.**

No. C 96–4030–DEO.

United States District Court, N.D. Iowa, Western Division.

Dec. 26, 1997.

Robert Zarco, Lawrence V. Ashe, Zarco & Pardo, L.P., Miami, FL, James E. Brick, Brick, Seckington & Bowers, Des Moines, IA, for Plaintiff.

John F. Dienelt, Christopher L. Killion, Hogan & Hartson, L.L.P., Washington, DC, Ricardo G. Cedillo, Les J. Strieber, III, Davis, Adami & Cedillo, San Antonio, TX,

Michael P. Jacobs, Rawlings, Nieland Law Firm, Sioux City, IA, for Defendant.

## ORDER

DONALD E. O'BRIEN, Senior District Judge.

This matter comes before the Court on the plaintiff's request for leave to depose James Rand concerning his employment status at the time Rand testified at trial pursuant to Federal Rule of Civil Procedure 60(b).[1] The parties briefed the issues and a the Court held a hearing. After careful consideration of both the written and oral arguments, the plaintiff's request is granted.

## I. BACKGROUND

A trial in this case was held from October 6, 1987 through October 22, 1997. On October 22, 1997, jury deliberations began at approximately 3:30 p.m. The jury was instructed to consider the claims of Intentional and Improper Interference with Business Relationship, Breach of Contract, and Breach of Fiduciary Duty.

At approximately 6:47 p.m. on October 22, 1997, the jury reached a verdict. The Verdict Form indicates that the jury found in favor of the defendants on all counts, although it also indicates that the plaintiff established by a preponderance of the evidence that the defendants owed a fiduciary duty to the plaintiff (without said duty having been breached). While conceding that the twelve-day jury trial in this case was "fair and impartial," the plaintiff nonetheless seeks permission to conduct additional discovery to obtain relief under Federal Rule of Civil Procedure 60(b).

## II. DISCUSSION

As mentioned, the plaintiff seeks leave to deposed Jim Rand, a witness the plaintiff never previously sought to depose, to discover facts that justify relief under Federal Rule of Civil Procedure 60(b) from the judgment in this case. The basis for the motion is the

---

1. The Court also has before it the plaintiff's motion for a new trial pursuant to Federal Rule of Civil Procedure 59. The Court will hold the motion for a new trial in abeyance until the completion of the post-trial discovery by the plaintiff consistent with this Order.

plaintiff's assertion that Rand should have disclosed that he was engaged in employment negotiations with the defendants at the time he testified. The defendants submit the request should be denied because the plaintiff has not made a prima facie showing that it is entitled to relief under Rule 60(b).[2]

## A. Applicable Legal Standards

 Generally, the Federal Rules of Civil Procedure provide for liberal discovery. However, "a request for the purpose of attacking a final judgment involves considerations not present in pursuing discovery in a pending action prior to judgment. Primary among these considerations is the public interest of the judiciary in protecting the finality of judgments." *H.K. Porter Co. v. Goodyear Tire and Rubber Co.*, 536 F.2d 1115, 1118 (6th Cir.1976). Consequently, "courts generally embrace restrictive discovery rights post-trial, requiring a prima facie demonstration of success on the merits." *United States ex rel. Free v. Peters*, 826 F.Supp. 1153, 1154 (N.D.Ill.1993) (citing *Goldy v. Beal*, 91 F.R.D. 451, 455 (M.D.Pa.1981)) *See also H.K. Porter*, 536 F.2d at 1118 (holding parties seeking to avoid judgment on the basis of Rule 60(b)(3) ordinarily are required to make a prima facie showing of fraud in order to be entitled to discovery after judgment); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 647 (N.D.Cal.1978)(same). The plaintiff, therefore, must make a prima facie demonstration of entitlement to relief from the judgment under Rule 60(b).

Federal Rule of Civil Procedure 60(b) provides, in pertinent part, that

[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

The Eighth Circuit Court of Appeals has consistently held that a motion pursuant to Rule 60(b) requires that the moving party establish "exceptional circumstances" to obtain the "extraordinary relief" the rule pro-

---

**2.** In support of their resistance to the plaintiff's request, the defendants submitted the declaration of Jim Rand. In the document, Rand declared the following:
 (1) He voluntarily testified at the trial in the instant case on October 21, 1997.
 (2) At the time he testified, he was the vice president of operations in Texas for Einstein Bros. Bagels Co. He was not paid by the defendants for his testimony. He was reimbursed for expenses he incurred in connection with his testimony.
 (3) As a result of a conversation with Frank Steed in August 1997, he began negotiating a position with Metromedia Steakhouses Company, L.P. He had ongoing employment negotiations into October, chiefly with Gary Schneider, senior vice president of franchise operations for Ponderosa.
 (4) Neither Steed nor Schneider, nor anyone else, ever mentioned his testimony, or potential testimony, in connection with the job negotiations.
 (5) During a telephone conversation in the evening on October 21, 1997, Gary Schneider offered him a job with Ponderosa. He rejected the offer during the same conversation.
 (6) The following evening, on October 22, 1997, Schneider offered him a position as franchise regional vice president for Bonanza and Ponderosa. He accepted that offer, terminated his employment with Einstein Bros. on October 31, 1997, and started his new job on November 5, 1997.
 (7) Neither job offer from Schneider was a result of, or conditioned upon, his testimony in this case. His testimony would have been the same even if he had not been involved in job negotiations with Metromedia.
Finally, Rand declared that under the penalty of perjury that the foregoing is true and correct.

vides. *United States v. One Parcel of Property Located at Tracts 10 and 11 of Lakeview Heights, Canyon Lake, Comal County, Texas,* 51 F.3d 117, 119 (8th Cir.1995) (hereinafter, *"One Parcel"*) ("A district court should grant a Rule 60(b) motion 'only upon an adequate showing of exceptional circumstances,'" quoting *United States v. Young,* 806 F.2d 805, 806 (8th Cir.1986); *Mitchell v. Shalala,* 48 F.3d 1039, 1041 (8th Cir.1995)) ("Generally, Rule 60(b) provides for extraordinary relief, which may be granted only upon a showing of exceptional circumstances."); *Atkinson v. Prudential Property · Co., Inc.,* 43 F.3d 367 (8th Cir. 1994); *Schultz v. Commerce First Financial,* 24 F.3d 1023, 1024 (8th Cir.1994). This standard of requiring "exceptional circumstances" in order to provide relief applies even to motions brought on the "catch-all" ground found in Rule 60(b)(6), which provides for relief "for any other reason" found by the court to provide sufficient justification. *Atkinson,* 43 F.3d at 373; *Schultz,* 24 F.3d at 1024. The provisions of Rule 60(b) "do 'not give courts unlimited authority to fashion relief as they deem appropriate.'" *Schultz,* 24 F.3d at 1024 (quoting *In re Zimmerman,* 869 F.2d 1126, 1128 (8th Cir.1989)).

### 2. Relief under Rule 60(b)(2)

■ The plaintiff first seeks relief from the judgment under Rule 60(b) because of newly discovered evidence. Motions pursuant to Rule 60(b)(2), asserting newly discovered evidence, are viewed with disfavor. *Mitchell,* 48 F.3d at 1041 citing *Dabney v. Montgomery Ward & Co.,* 692 F.2d 49, 52 (8th Cir.1982). A person moving for relief pursuant to Rule 60(b)(2) must establish the following: (1) the evidence was discovered after trial; (2) due diligence was exercised to discover the evidence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence is such that a new trial would probably produce a different result. *Id.* (citing *Atkinson,* 43 F.3d at 371; *Baxter Int'l Inc. v. Morris,* 11 F.3d 90, 92 (8th Cir.1993)). The defendants argue these requirements plaintiff manifestly cannot meet here.

■ Specifically, the defendants argue that the plaintiff cannot meet the last two requirements under Rule 60(b)(2). The defendants assert that any evidence the plaintiff discovers about Rand's job negotiations will be immaterial impeaching evidence, which Midwest could have used at trial only to suggest that Rand was biased. The defendants submit that it is absurd to suggest that the result in this case would have been different had the jury known that Rand was engaged in job negotiations with the defendants, since the substance of his testimony was unrebutted. The defendants assert that the plaintiff has not demonstrated the exceptional circumstances necessary for relief under Rule 60(b)(2).

In response, the plaintiff agrees that with regard to the issues Rand testified about, namely the operations visits, the 1996 remodel packages, the color schemes that existed in prior years, and the deletions to supplier lists previously provided to franchisees, his testimony was unrebutted. The plaintiff asserts, however, that Rand went even further with his substantive testimony to counter testimony with regard to the defendants' failure to meet their franchise sale obligations. (Transcript, Testimony of James Rand, at pp. 19, 21, 83, and 88.) The plaintiff contends that given the recency of Rand's testimony, his credible demeanor, and the expert-like conclusions he was asked to make, the impact of his re-hire likely would have been substantial.

The Court is persuaded "exceptional circumstances" exist to permit the plaintiff to depose Jim Rand. There is no dispute that the evidence of Rand's re-hire was discovered after the trial and the plaintiff exercised due diligence to discover the evidence. The Court finds that Rand's re-hire is material and not merely cumulative or impeaching. As mentioned, a large portion of Rand's testimony countered a substantive issue in this case, the defendant's failure to meet their franchise sale obligations. The Court agrees with the plaintiff that given the recency of his testimony, his credible demeanor, and the expert-like conclusions he made, the impact of Rand's re-hire, after the precise evidence is ascertained by discovery, may well be such

that a new trial would probably produce a different result. The plaintiff has made the necessary prima facie showing of entitlement to relief from the judgment under Rule 60(b).

### 2. Relief under Rule 60(b)(3)

The plaintiff next seeks relief from the judgment under Rule 60(b) because of fraud or misrepresentation by the defendants. To prevail under Rule 60(b)(3), "the movant must show, with clear and convincing evidence, that the opposing party engaged in a fraud or misrepresentation that prevented the movant from fully and fairly presenting its case." *Atkinson*, 43 F.3d at 367. The plaintiff contends that the defendants and Rand misrepresented Rand's status as an objective third party with absolutely no basis to be biased in favor of the defendants. Consequently, the plaintiff asserts the defendants' and Rand's misrepresentation was highly misleading and prevented it from fully and fairly presenting its case.

The defendant, in response, argues that the plaintiff cannot show that the defendants engaged in fraud and misrepresentation which prevented it from fully and fairly presenting its case, for two reasons. First, Rand's testimony was not false. Second, the absence of testimony about Rand's job negotiations did not by any means, prevent the plaintiff from fully and fairly presenting its case, particularly since Rand's testimony was unrebutted. The defendants point out that the plaintiff has admitted it received a full, fair, and impartial trial. The defendants argue that the details about Rand's job situation do not change that fact.

At the hearing on this matter, the Court questioned counsel for the defendants as to whether counsel had ever run across a situation like this. Counsel informed the Court he had not and upon further questioning by the Court, admitted that this is an "exceptional circumstance." Counsel, however, would not admit that this exceptional circumstance warranted the exceptional relief permitted under Rule 60(b), or even at a minimum, the taking or Rand's deposition.

Nonetheless, the Court finds these exceptional circumstances do warrant, at a minimum, the taking of Rand's deposition.

Rand's less than forthright answers to the repeated questions by counsel for the defendants as to his third party objectivity, calls into question the fairness of the trial. The plaintiff's concession that they receive a full, fair, and impartial proceeding is not the bottom line. The true status of Rand's situation was not known to the plaintiff and never ruled on by the Court. The Court concludes that the details surrounding Rand's rehiring may well change the fairness and the impartiality of the trial. The plaintiff will be permitted to depose Jim Rand.

### III. CONCLUSION

The Court concludes that the necessary prima facie showing has been made under Rule 60(b) to permit the plaintiff to take the deposition of Jim Rand concerning his rehiring. The Court believes that after taking the deposition of Jim Rand, only part of the story will be known. Both parties may then think it appropriate and necessary to also take the deposition of Frank Steed and Gary Schneider. The Court, therefore, also concludes that the plaintiff has made the necessary showing under Rule 60(b) to permit the taking of the depositions of Frank Steed and Gary Schneider concerning the rehiring of Jim Rand. This will prevent the Court from being approached in a piecemeal fashion to obtain permission to depose these two gentlemen.

Therefore,

**IT IS ORDERED** that the plaintiff's request for leave to depose Jim Rand concerning his rehiring by Metromedia Steakhouses Company, L.P. is granted.

**IT IS FURTHER ORDERED** that the plaintiff or the defendants may also depose Frank Steed and Gary Schneider concerning the rehiring of Jim Rand should either party find it necessary to do so.