# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————————

No. 03-3179

———————————

John Charles Middleton,                        *
                                               *
                    Appellant,                 *
                                               *       Appeal from the United States
        v.                                     *       District Court for the
                                               *       Western District of Missouri.
J. E. McDonald; Clinton County                 *
Sheriff's Department,                          *               [PUBLISHED]
                                               *
                    Appellees.                 *

———————————

Submitted: September 17, 2004
Filed: November 8, 2004

———————————

Before COLLOTON, HEANEY, and HANSEN, Circuit Judges.

———————————

HANSEN, Circuit Judge.

        This appeal results from John Charles Middleton's attempt in 2003 to set aside a settlement and voluntary dismissal that he entered into in 1999 with defendant J. E. McDonald, representing the Missouri Highway Patrol. See Fed. R. Civ. P. 60(b). The district court[1] denied the motion to set aside the judgment of dismissal as untimely, and we affirm.

———————————

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

Middleton, a state prisoner incarcerated in Missouri after conviction for three first-degree murders (which are unrelated to the basis of this lawsuit), originally filed this 42 U.S.C. § 1983 action in 1998. Middleton alleged that McDonald and the Clinton County Sheriff's Department had improperly seized and retained $5,877.42 in cash that had been in his vehicle when he was arrested on drug charges in May of 1995. The state neither instituted forfeiture proceedings nor tried Middleton on the drug charges. Middleton sought the return of this money. In August 1999, the district court granted summary judgment in favor of the Clinton County Sheriff's Department, and it is not a party to this appeal. Middleton then settled his lawsuit with McDonald who, on behalf of the State of Missouri, agreed to return the money seized but denied § 1983 liability. The parties agreed that upon signing the agreement, Middleton would voluntarily dismiss with prejudice the pending § 1983 suit. Middleton and McDonald then filed a joint stipulation to dismiss the case with prejudice, and the district court terminated the case pursuant to their stipulation on September 30, 1999. The state paid the funds into Middleton's prison account on December 2, 1999.

Eight days after depositing the funds into Middleton's prison account, the state invoked the provisions of the Missouri Incarceration Reimbursement Act (MIRA), Mo. Rev. Stat. §§ 217.825 - 217.841, by filing suit in state court to collect 90% of the funds then in Middleton's prison account to reimburse the state for the cost of his incarceration on the murder convictions. Middleton responded that federal law precluded the state's recovery of these funds, citing Hankins v. Finnel, 964 F.2d 853, 861 (8th Cir.) (holding, in a fact-specific circumstance, that the Supremacy Clause prohibited the state from using MIRA to recover funds it had paid to an inmate as compensation for a state actor's civil rights violation), cert. denied, 506 U.S. 1013 (1992). The Circuit Court of Cole County, Missouri, rejected Middleton's argument and entered judgment in favor of the state. Middleton appealed to the Missouri Court of Appeals, which affirmed, concluding that the Hankins case was distinguishable. Middleton sought no further review of that decision.

On February 4, 2003, Middleton filed a motion in federal district court to set aside the 1999 judgment of dismissal, citing Federal Rule of Civil Procedure 60(b)(6). In the motion, Middleton alleged that the state wrongfully withheld his money in the first instance and that the circumstances "strongly suggest bad faith on the part of the State of Missouri in entering into a settlement" with a pro se petitioner without indicating that it intended to reclaim the money through a MIRA action. (Appellant's App. at A19-A20.) The district court denied the Rule 60(b) motion as untimely, and Middleton appeals.

We will reverse the denial of a Rule 60(b) motion only upon a showing of a clear abuse of discretion. Sellers v. Mineta, 350 F.3d 706, 716 (8th Cir. 2003). "Rule 60(b) provides extraordinary relief in exceptional circumstances." Id. Additionally, we have noted that "[w]hen a party voluntarily accepted [an] earlier decision, its burden is perhaps even more formidable than if it had litigated the claim and lost." Schultz v. Commerce First Fin., 24 F.3d 1023, 1024 (8th Cir. 1994) (internal marks omitted).

The district court denied Middleton's Rule 60(b) motion as untimely, because the motion is premised upon fraud or misconduct on the part of the state, and Middleton did not file it within the one-year limitation for motions based upon fraud or misconduct. See Rule 60(b)(3) (permitting the setting aside of a judgment that is based upon "fraud . . ., misrepresentation or other misconduct of an adverse party" but stating that such motion must be made not more than one year after the judgment was entered). Although Middleton recites Rule 60(b)(6), which is not subject to the one-year limitation, as the basis for setting aside the earlier judgment of dismissal, the substance of his motion clearly implicates subsection (3) by stating that "the circumstances here strongly suggest bad faith on the part of the State" in entering into the settlement. (Appellant's App. at A19.)

We conclude that the district court did not clearly abuse its broad discretion in determining that the premise of Middleton's argument is in fact fraud under subsection (3). Because the substance of Middleton's Rule 60(b) motion is in reality grounded in subsection (3), we agree with the district court that the claim is subject to the one-year limitation period, and Middleton cannot avoid that limitation by labeling the motion as brought pursuant to subsection (6). Cf. Schultz, 24 F.3d at 1025 (analyzing a claim under subsection (6) where the parties did not raise the timeliness issue, but noting that where the essence of the argument is in reality based upon one of the first three enumerated grounds for relief, it is subject to the one-year limitation). Subsection (6) is not a permissible means by which to avoid the time limitation otherwise applicable to a claim of fraud, misrepresentation or misconduct by the adverse party. See Kalamazoo River Study Group v. Rockwell Int'l Corp., 355 F.3d 574, 588 (6th Cir. 2004) (noting that parties will not be permitted to disguise a Rule 60(b)(1), (2) or (3) motion as a subsection (5) or (6) motion in order to gain the benefits of a more generous time limitation); Lyon v. Agusta S.P.A., 252 F.3d 1078, 1088-89 (9th Cir. 2001) (holding that "clause (6) and the preceding clauses are mutually exclusive" and that subsection (6) cannot be a substitute for, but must be brought for some reason other than, the reasons stated in the five preceding subsections (internal marks omitted)), cert. denied, 534 U.S. 1079 (2002). Middleton filed his motion over three years after the case had been dismissed with prejudice pursuant to the agreement of the parties. This was well outside the one-year limitation of Rule 60(b)(3). The district court did not clearly abuse its broad discretion in dismissing the motion as untimely.

Middleton argues that his motion was properly asserted under subsection (6) because, separate from the bad faith issue, he also alleged that the state's action of seizing his settlement funds was unjust. A motion based upon subsection (6), permitting relief from a judgment for "any other reason" need only be filed "within a reasonable time." Fed. R. Civ. P. 60(b). "What constitutes a reasonable time is dependent on the particular facts of the case in question and is reviewed for abuse of

discretion." Watkins v. Lundell, 169 F.3d 540, 544 (8th Cir.), cert. denied, 528 U.S. 928 (1999). Middleton asserts that he brought this motion within a reasonable time because he first defended the state MIRA litigation.

Even assuming that the asserted subsection (6) basis for the motion is separate from Middleton's claim of fraud and misconduct, we would nevertheless conclude that the district court correctly denied the motion as untimely. See United States v. Wells, 347 F.3d 280, 287 (8th Cir. 2003) ("It is a well-settled principle that we may affirm a district court's judgment on any basis supported by the record." (internal marks omitted)), cert. denied, 124 S. Ct. 2435 (2004). Middleton's three-year delay was not reasonable. See Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001) (holding that a 26-month delay was "a period of time which constitutes a patently unreasonable delay absent mitigating circumstances"), cert. denied, 535 U.S. 932 (2002); Watkins, 169 F.3d at 544 (expressing "considerable trepidation" about whether a 17-month delay was reasonable, but ultimately finding that the issue was not properly before the court); Nucor Corp. v. Neb. Pub. Power Dist., 999 F.2d 372, 374-75 (8th Cir. 1993) (holding a three and one-half year delay was unreasonable).

No mitigating circumstances exist to render this three-year delay reasonable. Middleton knew of the state's decision to seek reimbursement from the settlement funds within three months of the settlement agreement. His attempt to set aside the settlement judgment in federal court could have been filed shortly after this revelation as all the facts were known when the state initiated the MIRA action eight days after depositing the funds in his account. Instead, he chose to defend the MIRA action in state court, to submit the federal constitutional issue to the state court, and then to return to federal court only after receiving an adverse determination in the state court. The delay caused by Middleton's decision to pursue the federal claim in state court is not a reasonable delay for purposes of his Rule 60(b) motion but rather a legitimate choice of forum. State courts are equally competent to determine issues of federal constitutional law. Simes v. Huckabee, 354 F.3d 823, 829 (8th Cir. 2004). We will

not disturb the state court's judgment in the MIRA action by permitting Middleton to set aside his federal court settlement at this late date. See Prince v. Ark. Bd. of Exam's in Psychology, 380 F.3d 337, 340 (8th Cir. 2004) (stating that "[t]he Rooker-Feldman doctrine bars both straightforward and indirect attempts by a plaintiff to undermine state court decisions" (internal marks omitted)). No extraordinary circumstances prevented him from returning to federal court in a more timely manner. See United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir.) (stating that Supreme Court admonitions regarding Rule 60(b) indicate that subsection (6) "relief is available only where extraordinary circumstances prevented a litigant from seeking earlier, more timely relief"), cert. denied, 510 U.S. 813 (1993).

Finally, Middleton seeks to avoid the timeliness issues of Rule 60(b) by asking this court to construe his motion as an independent action, because this court has held that Rule 60(b) "has a savings clause that permits a court to entertain an independent action if a motion is time-barred." Griffin v. Fed. Deposit Ins. Corp., 831 F.2d 799, 803 (8th Cir. 1987). However, "a movant seeking leave from a court of appeals to allow a district court to entertain an independent action must show that it would be manifestly unconscionable to enforce the judgment." Id. (internal marks omitted). Middleton has failed to meet this heavy burden. While he may not have understood when he entered into the settlement agreement that the state could bring a MIRA action to recover up to 90% of those funds to reimburse it for the costs of his incarceration, once aware that the state was pursuing this remedy, he had his day in court.[2] Middleton fully litigated the matter in the state court system where he raised his federal constitutional argument. The state courts ruled in favor of the state, and Middleton sought no review in the Supreme Court of the United States. As already

_____

[2]Middleton at one point unsuccessfully attempted to remove the state MIRA action to federal court, but he did not seek Rule 60(b) relief in this § 1983 case until three years later, after the claim was adjudicated in state court.

noted, state courts are fully competent to determine issues of federal constitutional law. Because Middleton's constitutional claim was heard and fully litigated, enforcing the judgment of dismissal in this case is not manifestly unconscionable, and we will not construe his Rule 60(b) motion as an independent action.

Finding no abuse of discretion, we affirm the judgment of the district court denying as untimely Middleton's Rule 60(b) motion to set aside the judgment of dismissal.

_____