# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2507

_____

In re:  Paul F. Bender; Lee E. J. Bender,   *
                                     *

              Debtors.                       *

                                     *

_____        *

                                     *

Lee E. J. Bender,                    *

                                   *   Appeal from the United States

              Appellant,          *   District Court for the District of

                                   *   Nebraska.

           v.                       *

                                   *

Educational Credit Management      *

Corporation,                 *

                                 *

              Appellee.         *

_____

Submitted:  April 12, 2004

Filed:  May 12, 2004

_____

Before MORRIS SHEPPARD ARNOLD, RILEY, and COLLOTON, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

This is an appeal from the district court's[1] determination that Lee Bender's petition to discharge her student loans in a bankruptcy proceeding was not ripe for review.  We affirm.

In February 2001, Ms. Bender and her husband filed for bankruptcy under Chapter 13.  Four months later, three and a half  years before they would become entitled to a discharge of debts under their Chapter 13 plan, Ms. Bender commenced this adversary proceeding seeking discharge of her student loan debt to Educational Credit Management Corporation.  A little over a year later, the bankruptcy court ruled in favor of Ms. Bender.  On appeal, the district court reversed, ruling that the adversary petition was not ripe for adjudication.  Ms. Bender then brought this appeal.

Student loans are not ordinarily dischargeable under Chapter 13. *See* 11 U.S.C. §§ 523(a)(8), 1328(a)(2).  But upon a showing that "excepting such debt from discharge" will cause "undue hardship," a debtor may receive a discharge of student loans as part of a general Chapter 13 discharge.  *See* 11 U.S.C. § 523(a)(8); *see also* 11 U.S.C. § 1328(a)(2).  We find it significant that the general rule of non-dischargeability of student loans is phrased as an exception to the Chapter 13 discharge, and a showing of "undue hardship" simply eliminates the exception.  Accordingly, when student loans are discharged it is as part of the regular Chapter 13 discharge, rather than as a separate event.  Thus, Ms. Bender was seeking a ruling on the dischargeability of the student loans three and a half years before it could occur.

The ripeness doctrine is rooted both in the limits of Article III of the Constitution and "on discretionary reasons of policy." *See  Automotive, Petroleum & Allied Indus. Employees Union v. Gelco Corp.*, 758 F.2d 1272, 1275 (8th Cir.

---

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

1985). The Constitution charges Article III courts with the resolution of "cases and controversies," precluding them from rendering advisory opinions. *Flast v. Cohen*, 392 U.S. 83, 96-97 (1968); *see* U.S. Const. art. III, § 2. In addition to these constitutional concerns, the ripeness doctrine allows the federal courts to avoid wasting scarce judicial resources in attempts to resolve speculative or indeterminate factual issues. *See National Treasury Employees Union v. United States*, 101 F.3d 1423, 1431 (D.C. Cir. 1996). We find that these concerns justify the district court's decision in this case.

"Undue hardship" is an inherently discretionary determination, and we have held that in applying § 523(a)(8) bankruptcy courts must consider the totality of the circumstances. *See In Re Long*, 322 F.3d 549, 554 (8th Cir. 2003). For the reasons that we have already identified, the factual question is whether there is undue hardship at the time of discharge, not whether there is undue hardship at the time that a § 523(a)(8) proceeding is commenced. As a matter of administrative convenience, of course, it makes sense to commence an adversary petition to determine undue hardship before the actual date of discharge, but such proceedings should take place relatively close to that date so that the court can make its determination in light of the debtor's actual circumstances at the relevant time.

Ms. Bender in essence argues that her situation at the time of instituting this action was so dire, and the possibility of improvement so remote, that a court could determine whether repayment of her student loans three and a half years down the road would constitute undue hardship. Not only would adopting Ms. Bender's view require some degree of judicial prescience, such an early determination is unnecessary in this case. During the period of the Benders' Chapter 13 plan, an automatic stay protects Ms. Bender from any collection actions by Educational Credit Management, *see* 11 U.S.C. § 362(a), and the Benders' plan does not require that any payments be made on the student loans. In these circumstances, deferring adjudication of this issue does not prejudice Ms. Bender, except with regard to the possible accrual of

interest payments, which we regard as negligible and insufficient to justify a premature resolution of the issue. Deferring a decision until the case is ripe will allow a court to make its undue hardship determination on the basis of real rather than speculative circumstances.

Affirmed.

_____