# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

———

No. 04-6079WM

———

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Raymond L. Woodcock, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Raymond L. Woodcock, | * | |
| | * | |
| Plaintiff-Appellant, | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| v. | * | Western District of Missouri |
| | * | |
| U.S. Department of Education, | * | |
| | * | |
| Defendant-Appellee. | * | |
| | * | |

———

Submitted: March 1, 2005
Filed: March 21, 2005

———

Before KRESSEL, Chief Judge, SCHERMER and MAHONEY, Bankruptcy Judges.

———

KRESSEL, Chief Judge.

The debtor, Raymond L. Woodcock, appeals from the judgment of the bankruptcy court[1] denying his motion for relief from a judgment. Because we conclude that the bankruptcy court did not abuse its discretion, we affirm.

BACKGROUND

Woodcock obtained $20,000 in Stafford student loans from Chemical Bank to attend law school at Columbia University. The loans were guaranteed by New York State Higher Education Services Corporation. There were four loans of $5,000 each, evidenced by four promissory notes executed by Woodcock on September 24, 1979, May 21, 1980, June 16, 1981, and April 7, 1982.

On April 21, 1992, Woodcock filed bankruptcy under Chapter 7 of the Bankruptcy Code in the District of Colorado. In August of 1992, Woodcock brought an adversary proceeding seeking to determine the dischargeability of his student loan debts. In January of 1993, the United States Bankruptcy Court for the District of Colorado ruled that Woodcock's student loans were not dischargeable under 11 U.S.C. § 523(a)(8). Woodcock filed a motion for reconsideration which was denied. He then appealed to the United States District Court for the District of Colorado. On February 17, 1994, the district court affirmed. Woodcock then appealed to the Tenth Circuit Court of Appeals. On January 6, 1995, the Tenth Circuit affirmed the decision of the district court, holding that the loans would not pose an undue hardship for the debtor, but remanded the case to the bankruptcy court for a determination of whether the NYSHESC had suspended the debtor's repayment period, thus affecting discharge under 11 U.S.C. § 523(a)(8)(A).[2] Woodcock then filed a petition for certiorari with

---

[1] The Honorable Dennis R. Dow, United States Bankruptcy Judge for the Western District of Missouri.

[2] Under 11 U.S.C. § 523(a)(8)(A), applicable to this proceeding, a discharge under 11 U.S.C. § 727 discharged an individual debtor from any debt for an

2

the U.S. Supreme Court as to the undue hardship determination. On October 2, 1995, the Supreme Court denied his petition.

On May 17, 1995, Woodcock filed a motion in the bankruptcy court for summary judgment as to the suspension issue. The bankruptcy court granted Woodcock's summary judgment in part, holding that his fourth loan exceeded the maximum period and was, therefore subject to discharge. The bankruptcy court otherwise denied Woodcock's motion, holding that there were applicable suspensions of repayment on his first three loans and excepting the loans from discharge. Woodcock appealed to the district court again. The district court denied his motion for a change of venue and dismissed the appeal for failure to prosecute. Woodcock appealed this decision to the Tenth Circuit Court of Appeals, which reversed and remanded based on the failure of the district court to state the reasons for dismissal. On September 18, 1997, on remand, the district court affirmed the order of the bankruptcy court denying discharge on the three remaining student loans. Woodcock appealed this decision to the Tenth Circuit and that court, on June 22, 1998, affirmed. Woodcock filed another petition for certiorari and on January 11, 1999, the Supreme Court denied the petition.

Woodcock defaulted on his student loan obligations to NYSHEC, and it filed a claim for assignment with the U.S. Department of Education. On June 13, 2001 and July 26, 2001, Woodcock's student loans were assigned to the U.S. Department of Education.

---

educational loan if such loan first became due more than five years (exclusive of any applicable suspension of the repayment period) before the date of filing the petition. Thus,"dischargeability turned on the critical factor of whether there [were] 'any applicable suspension[s] of the repayment period...'" *Woodcock v. Chem. Bank (In re Woodcock)*, 45 F.3d 363, 367 (10th Cir. 1995) (quoting *Huber v. Marine Midland Bank, N.A. (In re Huber),* 169 B.R. 82 (Bankr.W.D.N.Y. 1994)).

On April 27, 2001, Woodcock filed a motion to reopen the adversary proceeding. On April 5, 2002, he filed a "Motion to Discharge Debts to Specific Parties." Since it was now the holder of the student loans, the U.S. Department of Education moved to be substituted as the defendant in the adversary proceeding. On May 20, 2002, the U.S. Bankruptcy Court for the District of Colorado held a hearing on the motions. In a September 18, 2002 order, the bankruptcy court reopened the adversary proceeding, substituted the U.S. Department of Education as the defendant and granted Woodcock's motion to transfer venue to the U.S. Bankruptcy Court for the Western District of Missouri. The court, however, did not address Woodcock's motion to discharge debts, leaving that motion for the Missouri court.

After transfer of the case, on February 27, 2003, the U.S. Department of Education filed a motion to dismiss the reopened adversary proceeding, arguing that principles of res judicata required dismissal.[3] On June 12, 2003, the United States Bankruptcy Court for the Western District of Missouri issued an amended order to show cause why the case should not be dismissed for lack of subject matter jurisdiction. On July 7, 2003, Woodcock filed a response.

On July 28, 2003, the bankruptcy court entered an order of dismissal, finding that Woodcock's response did not adequately address the jurisdictional question. On August 4, 2003, Woodcock filed a motion to alter or amend the judgment, and requested that the court allow him to pursue an independent action or seek relief under Rule 60(b). On August 13, 2003, the bankruptcy court stated that it had no jurisdiction and denied Woodcock's motion. Woodcock appealed from the July 28 and the August 13, 2003 orders. We held that the bankruptcy court has jurisdiction

---

[3] In our earlier opinion, we expressed our doubt that the Department of Education really wanted the adversary proceeding dismissed after all this time. In subsequent proceedings, the bankruptcy court treated the Department of Education's motion as an objection to Woodcock's motion.

and reversed the dismissal.  *Woodcock v. U.S. Dept. of Educ. (In re Woodcock)*, 301 B.R. 530 (B.A.P. 8th Cir. 2003).

After our reversal of the dismissal, the bankruptcy court was faced with a myriad of motions.  In a series of orders dated October 6, 2004, the bankruptcy court denied Woodcock's motion to discharge debts as to specific parties, his motion for a determination of dischargeability, his motion to reopen and motion for summary judgment, his  motion for reconsideration of the order of substitution, and his motion for sanctions.  It also denied the Department of Education's motion to strike Woodcock's motion for summary judgment.

Lastly, on October 6, 2004, the bankruptcy court entered a lengthy, detailed opinion in which it denied Woodcock's request for relief from the final judgment and his motion for summary judgment.  *Woodcock v. U.S. Dept. of Educ. (In re Woodcock)*, 315 B.R. 487 (Bankr. W.D. Mo. 2004).  The clerk entered a judgment to that effect on the same day.  Woodcock appeals from this judgment.

## STANDARD OF REVIEW

We view the bankruptcy court's decision to deny motions under Fed. R. Civ. P. 60 for an abuse of discretion.  *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 263 n.7 (1978); *Printed Media Serv., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 842 (8th Cir. 1993).

## DISCUSSION

While cast in the rubric of Rule 60, at bottom, all of Woodcock's arguments boil down to claims that the Colorado bankruptcy court got it wrong.  It was wrong because it misunderstood the facts, or it was wrong because it misapplied the law, or it was wrong because it did not have all of the facts, or, most fundamentally, its

decision that excepting Woodcock's student loans from his discharge would not constitute an undue hardship turns out, in hindsight, to have been wrong. Woodcock even backhandedly attacks the bankruptcy judge's character by referring to a newspaper article about the Tenth Circuit's decision not to reappoint her. These mistakes all were, could have been, and certainly should have been the subject of appeals. They are not proper grounds for a collateral attack at this late juncture.

Having said this, we turn, as the bankruptcy court did, to address the particular arguments made by Woodcock, although in less detail, because the bankruptcy court has effectively and appropriately disposed of each one.

**Federal Rule of Civil Procedure 60(b)**

Rule 60(b) of the Federal Rules of Civil Procedure is made applicable to bankruptcy proceedings under Federal Rule of Bankruptcy Procedure 9024. A Rule 60(b) motion will only be granted "upon an adequate showing of exceptional circumstances" *Page v. Sandbulte*, 917 F.2d 1108 (8th Cir. 1990). It is used only sparingly with an intent to preserve "the delicate balance between the sanctity of final judgments...and the incessant command of the court's conscience that justice be done in light of all the facts" *Rosebud Sioux Tribe v. A &P Steel, Inc.*, 733 F.2d 509, 515 (8th Cir. 1984) *quoting, Bankers Mortgage Co. v. U. S.*, 423 F.2d 73, 77 (5th Cir. 1970). It is used sparingly when the issues have been carefully analyzed and a judgment has been rendered. *In re DEF Invs., Inc.*, 186 B.R. 671, 682 (Bankr. D. Minn. 1995).

*Rule 60(b)(3)*

Woodcock has apparently abandoned his argument under Rule 60(b)(3), which is just as well. Under Rule 60(b)(3), a court may relieve a party from a final judgement for "fraud, misrepresentation, or other misconduct of an adverse party." Fed. R. Civ. P. 60(b)(6). A motion under this rule is however, time barred if it is not "made within a reasonable time, and for reasons (1), (2), and (3) not more than one

year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(b).

The Bankruptcy Court for the District of Colorado issued an order on Woodcock's motion for summary judgment on February 9, 1996. The District Court affirmed the bankruptcy court's order on September 18, 1997. The Tenth Circuit entered its order affirming the district court on June 22, 1998. Finally the Supreme Court denied Woodcock's petition on January 11, 1999.

Woodcock filed the motion to reopen the case on April 27, 2001, more than two years after the latest order. No matter how you compute it, this is well beyond the one year time limitation allowed for seeking relief under Rule 60(b)(3).

*Rule 60(b)(5)*

Woodcock seeks relief under Rule 60(b)(5). Rule 60(b)(5) provides that a court may relieve a party from a final judgment or order if "it is no longer equitable that the judgment should have prospective application." Fed. R. Civ. P. 60(b)(5). Generally relief is granted only when "new and unforseen conditions" cause "extreme and unexpected hardship" so that the "decree is oppressive." *Assoc. of Retarded Citizens of North Dakota v. Sinner*, 942 F.2d 1235, 1239 (8th Cir. 1991) quoting *U.S. v. City of Fort Smith*, 760 F.2d 231, 233 (8th Cir. 1985).

Woodcock's argument may be summarized as a complaint that the Colorado bankruptcy court incorrectly estimated the debtor's reasonably reliable future financial resources when doing a dischargeability analysis for undue hardship under 11 U.S.C. § 523(a)(8).

11 U.S.C. § 523(a)(8) provides an exception for "an educational benefit overpayment or loan made...unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependants."

At the time of the Colorado bankruptcy court's decision, the Tenth Circuit had not adopted a test for determining undue hardship under 11 U.S.C. § 523(a)(8). In the Tenth Circuit, undue hardship was something more than inconvenience or doing without luxuries, it should be based on an inability to earn and not simply a reduced living standard. *Educ. Credit Management Corp. v. Polleys*, 356 F.3d 1302, 1306 (10th Cir. 2004). The Tenth Circuit has since adopted the *Brunner* test. *Id.* at 1309.

The Colorado bankruptcy court and the Tenth Circuit did analyze Woodcock's circumstances and took into account his ability to obtain and retain employment to determine his reasonably reliable future financial condition. The Colorado Bankruptcy Court noted that Woodcock graduated from Columbia Law School in 1982 and later received his Masters in Business Administration from Columbia University in 1983 and appears to be a "very capable, articulate and highly educated young man." Based on that information the court concluded that the debtor had the ability to pay his loans with future income.

The fact that Woodcock's economic circumstances have not improved does not provide an opportunity for him to collaterally attack a final judgment. This amounts to nothing more than an argument that the Colorado court was wrong. However, its determination was based on his ability to earn, not necessarily a prediction that he would. The bankruptcy court made a determination of undue hardship based on information given to it at the time of discharge. The determination of dischargeability is best made at the time of discharge. *Bender v. Educ. Credit Management Corp., (In re Bender)*, 368 F.3d 846 (8th Cir. 2004). Determination of an undue hardship is an inherently discretionary one that takes into account the circumstances at the relevant time. *Id.* at 848.

We agree with the bankruptcy court that Woodcock is not entitled to relief under Rule 60(b)(5).

*Rule 60(b)(6)*

Woodcock argues that he is entitled to relief under Rule 60(b)(6) because a fraud was perpetrated on the court. Rule 60(b)(6) allows a court, upon a motion, to "relieve a party from a final judgement, order or proceeding...[for] any other reason justifying relief from the operation of the judgment." There is no time limitation on requests for relief brought under this subsection. Fed. R. Civ. P. 60(b)(6). However, relief under Rule 60(b)(6) will only be granted in extraordinary cases. *Hepper v. Adams County*, 133 F.3d 1094, 1096 (8th Cir. 1998). Use of subsection 6 is not a means by which a party may avoid the time limitation placed upon subsections 1, 2, and 3. *Middleton v. McDonald*, 388 F.3d 614, 616 (8th Cir. 2004).

Fraud on the court is "characterized as a scheme to interfere with the judicial machinery performing the task of impartial adjudication, as by preventing the opposing party from fairly presenting his case or defense. *Landscape Properties, Inc. v. Vogel*, 46 F.3d 1416, 1422 (8th Cir. 1995). A finding of fraud on the court is justified only in the most egregious misconduct directed to the court itself. *Greiner v. City of Champlin*, 152 F.3d 787, 789 (8th Cir. 1998). The standard for fraud on the court is distinct from the mere general fraud standard of Rule 60(b)(3). *Id*.

The Ninth Circuit has defined fraud on the court as a species of fraud that "defiles the court itself...so that the judicial machinery can not perform in the usual manner". The court goes on to say that fraud, without more, should have redress under a motion pursuant to Rule 60(b)(3). *Toscano v. I.R.S.,* 441 F.2d 930, 933 (9th Cir. 1971). Woodcock's allegations against the parties to the adversary proceeding do not begin to approach this standard.

Fraud on the court does not seem to be grounds for relief under 60(b)(6). Fraud on the court appears in the savings clause of the rule that "does not limit the power of the court to entertain <u>an independent action</u>... to relieve a party...for fraud on the court" Fed. R. Civ. P. 60(b). The Eighth Circuit in *Greiner,* 152 F.3d at 788-789

9

indicates that fraud on the court is a separate equitable action and not grounds for relief under Rule 60(b). "The appellants therefore bring this independent action in reliance on the savings clause in Rule 60(b), which states that Rule 60(b) does not preempt a court's power to entertain an action for fraud on the court." *Greiner,* 152 F.3d at 788-789.

As the Missouri bankruptcy court makes clear, Woodcock's argument about fraud and misrepresentation are covered by Rule 60(b)(3) and barred by the one year time limit of Rule 60(b). His claims do not amount to a fraud on the court and are not grounds for relief under Rule 60(b)(6).

Woodcock also argues that providing him relief under his current motion would save him the time and expense of filing bankruptcy again in the Western District of Missouri. He argues that this court grant him relief in the interests of judicial economy. We do not address this argument but note we are bound by precedent in the Eighth Circuit which saves relief under Rule 60(b) for exceptional circumstances, which Woodcock has not met.

## CONCLUSION

For the reasons stated above, we conclude that the bankruptcy court did not abuse its discretion and we affirm the Bankruptcy Court's judgment denying relief under Federal Rule of Civil Procedure 60(b).

———————————————

10