In re Debra BOAZ, Debtor.

Debra Boaz, Plaintiff,

v.

ISM Education Loans and Student Loan Finance Corporation, Defendants,

and

Education Credit Management Corporation, Intervenor and Defendant.

Bankruptcy No. 07–30818.
Adversary No. 07–7043.

United States Bankruptcy Court, D. North Dakota.

April 17, 2008.

Alan Sorensen, Bulie Law Office, Fargo, ND, for Plaintiff.

David L. Johnson, McNair, Larson & Carlson, Ltd., Fargo, ND, for Defendants.

ISM Education Loans, Indianapolis, IN, pro se.

A.L. Brown, Educational Credit Management, St. Paul, MN, Stephannie Stiel, Fargo, ND, for Intervenor and Defendant.

## MEMORANDUM AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

This adversary proceeding was commenced by Plaintiff/Debtor Debra Boaz by Complaint filed December 31, 2007. Boaz seeks a determination that excepting her outstanding student loan obligations from discharge would impose an undue hardship under section 523(a)(8) of the Bankruptcy Code. On January 25, 2008, Education Credit Management Corporation (ECMC) filed a motion to intervene and defend the claims in this proceeding, stating that ECMC is the holder of student loans totaling $236,423.33. By Answers filed January 31, 2008, and February 13, 2008, respectively, Defendants Student Loan Finance Corporation (SLFC) and ECMC deny Boaz is entitled to the relief she requests. No Answer was filed on behalf of Defendant ISM Education Loans (ISM). On March 11, 2008, ECMC filed a motion to dismiss for lack of subject matter jurisdiction, and SLFC joined the motion on March 17, 2008. Boaz did not file a response.

In its motion to dismiss and brief in support of the motion, ECMC urges the Court to dismiss for lack of subject matter jurisdiction on the grounds that the matter is not ripe for adjudication until Boaz receives her Chapter 13 discharge.

Student loans are not normally dischargeable under Chapter 13. *See* 11 U.S.C. §§ 523(a)(8) and 1328(a)(2). Upon a showing that "excepting such debt from discharge" will cause "undue hardship," a debtor may receive a discharge of student loans as part of a general Chapter 13 discharge. *See* 11 U.S.C. § 523(a)(8).

The ripeness doctrine is rooted both in the limits of Article III of the Constitution and "on discretionary reasons of policy." *Bender v. Educ. Credit Mgmt. Corp. (In re Bender)*, 368 F.3d 846, 847 (8th Cir.2004). The Constitution charges Article III courts with the resolution of "cases and controversies," precluding them from rendering advisory opinions. *Id.* at 847–848; U.S. Const. art. III, § 2. In addition to these constitutional concerns, the ripeness doctrine allows federal courts to avoid wasting scarce judicial resources attempting to resolve speculative or indeterminate factual issues. *In re Bender*, 368 F.3d at 848 (citing *National Treasury Employees Union v. United States*, 101 F.3d 1423, 1431 (D.C.Cir.1996)).

Whether an undue hardship determination is fit for judicial review prior to discharge was addressed by the Eighth Circuit in *In re Bender*, 368 F.3d. at 848. In that case, a Chapter 13 debtor brought an adversary proceeding against a student loan creditor seeking a student loan discharge three and a half years before the debtor was entitled to a discharge of debts under the Chapter 13 plan. *Id.* "Undue hardship" is an inherently discretionary determination, and when applying section

523(a)(8) bankruptcy courts must consider the totality of the circumstances. *Id.* Further, the proceeding should take place relatively close to the date of discharge so that the court can make its determination in light of the debtor's actual circumstances at that relevant time. *Id.* Deferring a decision until the case is ripe allows the court to make its undue hardship determination on real circumstances rather than speculation. *Id.*

In the case at hand, an order confirming the Chapter 13 Plan was filed on November 16, 2007. The plan provides for sixty (60) monthly payments in the amount of $130.00. If payments are made as indicated, the plan will not be completed until 2012. Any undue hardship determination made at this point in time would be based on a hypothetical state of facts rather than actual circumstances. The Court could only speculate what Boaz's circumstances will be in four years. Based on the applicable law and the foregoing reasons, the Court finds this case is not ripe for adjudication. Accordingly, ECMC and SLFC's motion to dismiss is granted.

**SO ORDERED.**

**JUDGMENT MAY BE ENTERED ACCORDINGLY.**