# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 15-6029

_____

In re: Chelsea Ann Conway

*Debtor*

------------------------------

Chelsea Ann Conway

*Plaintiff - Appellant*

v.

National Collegiate Trust; First Marblehead Corp., Inc.

*Defendants - Appellees*

_____

Appeal from United States Bankruptcy Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: December 10, 2015
Filed: December 21, 2015

_____

Before KRESSEL, SALADINO and SHODEEN, Bankruptcy Judges.

_____

SALADINO, Bankruptcy Judge.

Chelsea Conway appeals the decision of the bankruptcy court[1] finding some, but not all, of her student loan obligations to National Collegiate Trust ("NCT") to be nondischargeable. For the reasons stated below, we affirm.

This appeal follows an earlier appeal of the bankruptcy court's order excepting all of Ms. Conway's student loan debts to NCT from discharge. We reversed that decision, and remanded it to the bankruptcy court "to determine whether Ms. Conway's present disposable income, if any, over the course of an entire year is sufficient to service any of the individual loan payments due to NCT."[2] After reviewing Ms. Conway's income and expenses for the period of November 2013 through October 2014, the bankruptcy court held that Ms. Conway's monthly disposable income was $170.30, with which she could make payments on four of the student loans without undue hardship. The remaining 11 loans were dischargeable. Ms. Conway subsequently asked the bankruptcy court to make additional findings and amend its judgment in light of increased expenses and decreased income after the time period reviewed by the court, but that request was denied.

Ms. Conway now appeals the bankruptcy court's order denying the motion to make additional findings and amend the judgment, alleging four errors in the determination of her ability to repay any of the student loans: (1) a loss of income due to being laid off from one of her jobs after the cut-off date set by the bankruptcy court but before the court's findings were issued; (2) an increase in the monthly payment due on her federal student loans; (3) an increase in her monthly health insurance expenses; and (4) the court's reduction of her monthly miscellaneous expenses. Ms.

---

[1]The Honorable Kathy A. Surratt-States, Chief Judge, United States Bankruptcy Court for the Eastern District of Missouri.

[2]The underlying facts of the case were set forth in that opinion, *Conway v. Nat'l Collegiate Trust (In re Conway)*, 495 B.R. 416 (B.A.P. 8th Cir. 2013), *aff'd* 559 Fed. Appx. 610 (8th Cir. 2014) (per curiam), and will not be repeated here.

Conway asserts that she now has negative monthly disposable income and is unable to make any payments to NCT on her student loans, so they all should be dischargeable.

## *Standard of Review*

A bankruptcy court's denial of a motion for new trial, or to alter or amend a judgment, is reviewed with deference and will not be reversed absent a clear abuse of discretion. *Suggs v. Regency Fin'l Corp. (In re Suggs)*, 377 B.R. 198, 203 (B.A.P. 8th Cir. 2007); *Guy v. Danzig ( In re Danzig)*, 233 B.R. 85, 93 (B.A.P. 8th Cir. 1999). The bankruptcy court abuses its discretion when it fails to apply the proper legal standard or bases its order on findings of fact that are clearly erroneous. *Official Comm. of Unsecured Creditors v. Farmland Indus., Inc. (In re Farmland Indus., Inc.)*, 397 F.3d 647, 651 (8th Cir. 2005) (citing *Stalnaker v. DLC, Ltd.*, 376 F.3d 819, 825 (8th Cir. 2004)).

The issue of dischargeability of student loans is a question of law, which we review de novo. *Reynolds v. Penn. Higher Educ. Assistance Agency (In re Reynolds)*, 425 F.3d 526, 531 (8th Cir. 2005) (citing *Long v. Educ. Credit Mgmt. Corp. (In re Long)*, 322 F.3d 549, 553 (8th Cir. 2003)). Factual findings underlying that legal conclusion are reviewed for clear error. *Id.* A finding is clearly erroneous if, after examining the entire record, we are left with a definite and firm conviction that the bankruptcy court has made a mistake. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985).

## *Discussion*

Ms. Conway contends the bankruptcy court made clearly erroneous factual findings when it chose so-called arbitrary dates to calculate her disposable income. Ms. Conway asserts she informed the court in December 2014 (after the hearing upon

remand, but four months before the bankruptcy court issued its order) that she had been laid off from one of her jobs and that her health insurance and other student loan payments would be increasing, but the court chose a cut-off date of October 2014 to artificially inflate the disposable income calculation and create an undue hardship for Ms. Conway. Ms. Conway also takes issue with the bankruptcy court's decision to eliminate her $80.00 monthly "miscellaneous" expenses when those expenses, in the amount of $97.00, had previously been allowed.

The record indicates that after this matter was remanded to the bankruptcy court, a status conference was held on October 21, 2014. The parties were given time to file supplemental documentation. On November 12, 2014, Ms. Conway filed a list of updated expenses, which included the increased payment amount on her federal student loans, as well as the increased cost of health insurance. The list included thoroughly detailed explanations of anticipated expenditures in the medical and transportation categories, so the court was aware of these expected expenses. NCT filed a reply, characterizing some of the updated expenses as "speculative, unsubstantiated or . . . one-time expenses." Ms. Conway was given leave of the court to respond to NCT, and she did so on December 17, 2014. In her submission, she noted that she had been laid off from one of her part-time jobs on December 4, 2014, and while she was taking steps to make up the lost income through unemployment compensation and increased shifts at her other job, her available income was unknowable but would likely result in an even larger monthly deficit than she had reported in the list of expenses filed in November.

When a bankruptcy court makes a post-discharge undue hardship determination, it does so on the basis of the facts existing at the time of trial. *Walker v. Sallie Mae Servicing Corp. (In re Walker)*, 427 B.R. 471, 482-84 (B.A.P. 8th Cir. 2010). In this instance, a trial was unnecessary and the court made its decision as instructed on remand on the basis of updated figures submitted by the parties. The court chose the November 2013 through October 2014 time frame because it was the

most recent 12-month period for which complete income and expense information was available. Ms. Conway believes the bankruptcy court unfairly penalized her by failing to take into consideration the post-October 2014 decrease in income and increase in certain expenses. The court did note the anticipated increase in health insurance and federal student loan payments, but declined to base its decision on what were then speculative numbers. The bankruptcy court was required to, and did, examine the totality of Ms. Conway's circumstances, including her "reasonably reliable future financial resources."

A decision on the dischargeability of student loan debt will nearly always be akin to a judicial version of "Whack-A-Mole" because a debtor's income and expenses are seldom static. Life is like that. During the prior appeal in this matter, we recognized that Ms. Conway's income and expenses varied greatly from month to month, but appeared more steady when viewed year to year. For that reason, we requested on remand that the bankruptcy court make its findings based on Ms. Conway's ability to service NCT's individual loans over the course of an entire year.

The bankruptcy court must make a decision based on the most reliable evidence before it. Determination of an undue hardship is an inherently discretionary one that takes into account the circumstances at the relevant time. *Woodcock v. U.S. Dep't of Educ. (In re Woodcock)*, 326 B.R. 441, 447 (B.A.P. 8th Cir. 2005) (citing *Bender v. Educ. Credit Mgmt. Corp. (In re Bender)*, 368 F.3d 846, 848 (8th Cir. 2004). The courts are not equipped to revisit a nondischargeability determination every time a debtor's circumstances change; to do so would wreak havoc with the concept of the finality of a court order.

> The Code calls upon the bankruptcy court to do the best it can with the information that it has available to it at the time of determination of dischargeability and to engage in an analysis which is not just static, but forward[-]looking.

It becomes meaningless if it can be subjected to multiple periodic re-review without limit.

*Woodcock v. U.S. Dep't of Educ. (In re Woodcock)*, 315 B.R. 487, 498 (Bankr. W.D. Mo. 2004), *aff'd*, 326 B.R. 441 (B.A.P. 8th Cir. 2005).

Here, the bankruptcy court properly reviewed a complete year of Ms. Conway's income and expense records, adjusting some of the expenses and concluding that Ms. Conway had the ability to repay some of her student loans. The time period the court used was the most recent time period for which it had complete income and expense figures. While Ms. Conway may feel that repayment of the four loans the court determined to be nondischargeable will cause her a hardship, the bankruptcy court was not clearly erroneous in its fact findings for the time period analyzed. Accordingly, the bankruptcy court did not abuse its discretion in denying Ms. Conway's motion to make additional findings and amend the judgment. Therefore, we affirm.

_____